

**HORVITZ & LEVY LLP**
15760 VENTURA BOULEVARD
18TH FLOOR
ENCINO, CALIFORNIA 91436-3000
T 818 995 0800
F 818 995 3157
WWW.HORVITZLEVY.COM

September 24, 2014

**VIA CM/ECF SYSTEM**

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

      Re:   ***Huong Hoang v. Amazon.com, Inc., et al.***
             Court of Appeal No. 13-35390

Dear Ms. Dwyer:

      Under Federal Rule of Appellate Procedure 28(j), we alert the Court to *Gibbs v. LeGrand*, ___ F.3d ___, No. 12-16859 (9th Cir. Sept. 17, 2014).

      *Gibbs* confirms, as Hoang argued (Blue 36-40; Gray 4-8), that after *Maples v. Thomas*, 132 S. Ct. 912 (2012), the Ninth Circuit takes an equitable rather than formalistic approach when determining whether an attorney has effectively abandoned his client. (Slip op. 8-14.) The question is not whether the attorney failed to commit any specific act, but whether, considering the circumstances as a whole, the attorney ceased to act as the client's agent when her ability to present her case was at stake. (Slip op. 9-13.)

      In *Gibbs*, the attorney failed to notify his client that his state court post-conviction proceedings ended, causing the client to miss his federal habeas petition deadline. (Slip op. 3.) The district court found this was not abandonment, but only that the client "'had trouble communicating with [his] attorney'" and "'was not timely informed that his appeal had been decided.'" (Slip op. 7.) Reversing, this Court held that the failure to inform a client of an event that triggered a critical deadline is not merely "'trouble communicating'" but effective abandonment. (Slip op. 10.)

Molly C. Dwyer • Clerk of the Court
September 24, 2014
Page 2 of 3

*Gibbs* also refutes IMDB's argument that Hoang's prior attorney could not have effectively abandoned her because he made some filings and appearances. (Red 31-32.) *Gibbs* held that an attorney effectively abandons his client if he forfeits significant aspects of his client's case, even though he may sometimes perform competently. (Slip op. 4, 12 (attorney "briefly reappeared"), 19 (attorney occasionally "stepped up to the plate").)

Finally, *Gibbs* refutes IMDB's suggestion that her prior counsel's delaying tactics during his fatal illness should be imputed to Hoang in assessing whether Hoang was diligent. (Red 28.) *Gibbs* held a client is adequately diligent if she reasonably relies on her attorney while he represents her. (Slip op. 18.) This Court does not require a client, in order to be considered diligent, to "'proceed on a dual track'" and second-guess her attorney while represented. (Slip op. 20-21.)

                                Sincerely,

                                **HORVITZ & LEVY LLP**
                                  BARRY R. LEVY
                                  MARK A. KRESSEL
                                **NEWMAN DU WORS LLP**
                                  DEREK A. NEWMAN
                                  KEITH P. SCULLY
                                  CHARLOTTE KUHN

                              By:      s/ Mark A. Kressel

Attorneys for Defendants—Appellants
Attorneys for Appellant
**HUONG HOANG**

MAK:rss

# CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Signature: s/ Mark A. Kressel