October 20, 2014

Harry H. Schneider, Jr.
HSchneider@perkinscoie.com
D  (206) 359-8508
F  (206) 359-9508

**VIA CM/ECF SYSTEM**

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
  for the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103

**Re:  Huong Hoang v. Amazon.com, Inc., et al.
       No. 13-35390**

Dear Ms. Dwyer:

    This letter is submitted under Federal Rule of Appellate Procedure 28(j) in response to Hoang's letter of September 24, 2014, addressing this Court's recent decision in *Gibbs v. LeGrand*, ___ F.3d ___, No. 12-16859 (9th Cir. Sept. 17, 2014). In short, *Gibbs* is not relevant to the Court's disposition of this case.

    In *Gibbs*, this Court considered when counsel's abandonment of a habeas petitioner constitutes "extraordinary circumstances" warranting equitable tolling of the statutory deadline for seeking federal habeas relief.

    As in *Maples v. Thomas*, 132 S.Ct. 912 (2012), another case relied upon extensively by Hoang, (*See* Opening Br. 36-37, Reply Br. 4-6), the right at stake in *Gibbs* was a prisoner's right to seek a writ of habeas corpus to obtain release from custody that violates the Constitution. Hoang does not explain why the standard in *Gibbs* that governs the availability of relief in "extraordinary circumstances" for an individual whose liberty is at stake should have any relevance to her allegation in

this case that her civil remedy was compromised by the alleged neglect of just one of her team of attorneys during discovery.

To the extent Hoang suggests that *Gibbs* makes *Maples* more apposite, she is plainly wrong. Given that *Maples* involved a capital crime and a convicted petitioner on death row, it presents a set of circumstances even more inapposite than does *Gibbs*.

In any event, even if the "extraordinary circumstances" test of *Gibbs* and *Maples* were applicable to a civil plaintiff's claim for monetary damages, the abandonment by counsel in those cases differed dramatically from the "abandonment" Hoang alleges here. In both *Gibbs* and *Maples*, counsel failed to inform their incarcerated client that the one-year AEDPA limitations period had re-started when the state denied the request for post-conviction relief, resulting in the complete forfeiture of the federal habeas claim. By contrast, Hoang alleges that one of her counsel failed to pursue additional discovery with the zeal that, with the benefit of hindsight, she would have preferred. (*See* Appellee Br. 32). Moreover, regardless of the purported abandonment by her out-of-state attorney, Hoang's Seattle lawyer was counsel of record throughout her case, including during the period of time she now alleges she was "abandoned", and was active on her behalf.

Sincerely,

**PERKINS COIE LLP**
Harry H. Schneider, Jr.
Eric D. Miller
Freya K. Bowen

By: *s/ Harry H. Schneider, Jr.*
By: *s/ Freya K. Bowen*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Signature:  *s/ Harry H. Schneider, Jr.*